# Diskan _v._ Diskan, Appellant.

_Negotiable instruments—Promissory notes—Holder for value—Conflicting evidence._

The case is for the jury, in an action by the holder of a promissory note against the payee and endorser, where the evidence is conflicting as to whether the plaintiff was the holder for a valuable consideration, or whether she had practically stolen it and the conditions under which it was to have been delivered to her in the future, had never been complied with.

Argued Oct. 10, 1918. Appeal, No. 199, Oct. T., 1918, by defendant, from judgment of C. P. No. 3, Philadelphia Co., June T., 1917, No. 2343, on verdict for plaintiff in case of Fanny Diskan v. Nathan Diskan. Before Orlady, P. J., Porter, Henderson, Head, Trexler and Williams, JJ. Affirmed.

Assumpsit on promissory note. Before Ferguson, J.

From the record it appeared that the plaintiff brought suit to recover the sum of $300 due on a promissory note dated July 13, 1916, signed by Harry Diskan, her husband, and Nathan Diskan, her brother-in-law, payable on demand after date. Note was endorsed by Harry Diskan and Nathan Diskan. Plaintiff sued Nathan Diskan, averring endorsement to her for valuable consideration in due course before maturity. Defendant denied the same, stating that he had no knowledge of the endorsement and requested that the appellee produce proof of such endorsement. He further averred that the note was given without valuable consideration.

At the trial the plaintiff testified that the note had been delivered to her by the payee for a valuable consideration. The defendant produced testimony to the effect that the note was given in part payment for alimony in case divorce proceedings would be instituted and that after the appellee failed to institute divorce

proceedings she promised to return the note, but did not do so.

Verdict for the plaintiff for $331.75 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and for refusal to give binding instructions for the defendant.

*Abraham Wernick,* of *Evans, Forster & Wernick,* for appellant.

*Samuel Willig,* of *Willig & Kratzok,* for appellee.

OPINION BY HEAD, J., March 12, 1919:

In this action of assumpsit the plaintiff declares on a demand promissory note in the usual form of such instruments. She alleges the same was endorsed by Harry Diskan, the payee therein named, and then delivered to her in the usual course for a valuable consideration. The defendant, one of the makers of said note, the execution of which is not denied, takes issue with her on her allegation of fact that the note was delivered to her for a valuable consideration. Her testimony, if and when accepted by the jury, was sufficient to warrant and support a verdict that the note had been actually delivered to her in the manner and for the consideration testified to by her. It was urged by the defendant and, his contention in this respect was supported by evidence, that the note was not delivered to her for any valuable consideration, but was practically stolen by her from the payee, her husband, and the conditions under which it was to have been delivered to her in the future had never been complied with.

Manifestly, then, the controlling question in the case was one of fact. The learned trial judge clearly stated the question and fairly submitted it to the jury in the following language: "Was it a part of an arrangement

for a divorce which did not go through? If so then there ought to be a verdict for the defendant. If it was turned over in settlement or partial settlement of a debt due by Harry (the payee) to Fannie (the plaintiff) then there ought to be a verdict for the plaintiff." In this case, therefore, we can perceive no foundation to support a binding direction by the trial judge in favor of the defendant and, this being so, the motion for judgment n. o. v. was properly denied.

We have examined the assignments of error based on certain rulings of the trial judge with relation to the admission of evidence. We are satisfied no one of them exhibits any reversible error.

The judgment is affirmed.